

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# Santoso v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3307

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Santoso v. Atty Gen USA" (2005). *2005 Decisions.* Paper 87.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/87

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3307

———————

BUDI SANTOSO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
TOM RIDGE,
SECRETARY OF DEPARTMENT OF HOMELAND
SECURITY

———————

Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A95-153-299)

———————

Submitted Under Third Circuit LAR 34.1(a)
on September 15, 2005

BEFORE: ROTH, McKee and FISHER, Circuit Judges

(Opinion Filed: December 20, 2005)

———————

OPINION

———————

**ROTH**, Circuit Judge:

This is a petition for review of a decision of the Board of Immigration Appeals affirming the order of an immigration judge to remove the petitioner, Budi Santoso, from the United States. For reasons stated below, we will deny the petition for review.

## I. Factual Background and Procedural History

As the facts are well known to the parties, we give only a brief description of the facts and procedural posture of the case.

Petitioner is an Indonesian citizen of Chinese ethnicity who is a converted Pentecostal Christian. He and his family live on the island of Java. Petitioner entered the United States as a nonimmigrant on or about September 30, 2000. After overstaying his visa, petitioner applied for asylum based on persecution on account of both his race and religion.

Petitioner testified that his family-owned shrimp farm was destroyed by extremist Muslims on December 25, 1998. He believes that his farm was destroyed because of his Chinese ethnicity and religion - both of which are minorities in Indonesia. Moreover, petitioner claimed that he was subject to harassment as a member of Gideon International, a Christian group devoted to distributing bibles.

In further support of his claims, petitioner offered State Department and other reports from human rights organizations which document numerous attacks on Christian entities in Indonesia. He testified as to his personal knowledge of the death of one member of Gideon International at the hands of Muslim extremists as well as other threats

2

against the group. Also, petitioner testified as to general harassment by native Indonesians starting when he was a student.

On April 28, 2003, the immigration judge (IJ) denied petitioner's request for asylum, withholding of deportation, and protection pursuant to the Convention Against Torture. The IJ found petitioner's testimony to lack credibility on account of discrepancies between his testimony and asylum application. For example, the IJ noted a discrepancy regarding who had learned of planned attacks by Muslim extremists against Christians and Christian churches in the area where petitioner lived. In the alternative, the IJ found that even if petitioner had been credible, he failed to demonstrate that he has ever been persecuted on account of his membership in Gideon International.

Petitioner filed a notice of appeal on May 28, 2003, to the Board of Immigration Appeals (BIA), asserting that the IJ had erred in finding him not credible and that the IJ failed to state a reason for his finding that the destruction of petitioner's shrimp farm was an act of common criminality. His subsequent brief to the BIA argued only that the judge had erred in failing to consider State Department Country reports of Chinese and Christian harassment in Indonesia. Petitioner did not argue the issue of credibility in his brief to this Court.

The BIA affirmed the IJ on July 15, 2004. The BIA found that the petitioner, even if found credible, failed to meet his burden of establishing past persecution or a well-founded fear of persecution on account of one of the statutorily protected grounds or that

3

it is more likely than not that he will be persecuted or subjected to torture upon his return to Indonesia. Petitioner filed a petition for review, claiming that the BIA failed to consider whether a pattern or practice of persecution against Christians exists in Indonesia. Specifically, petitioner claims that the IJ failed to consider the State Department reports.

## II. Jurisdiction and Standard of Review

We have jurisdiction over final orders of removal pursuant to 8 U.S.C. § 1252(a). However, we may review a final order of the BIA only if petitioner has exhausted all administrative remedies. 8 U.S.C. § 1252(d)(1). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Adverse credibility determinations are findings of fact which are upheld to the extent that they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)). Such determinations are afforded substantial deference when grounded in evidence in the record and where the IJ provides specific cogent reasons for her determination.

## III. Discussion

An alien is eligible for asylum if he can demonstrate that he is a refugee. 8 U.S.C. § 1158(b)(1)(A) & (b)(1)(B)(i). A refugee is a person who is either unable or unwilling

4

to return home because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); Chang v. INS, 119 F.3d 1055, 1059 (3d Cir. 1997). Establishing a well-founded fear has two requirements. The first is a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility. Id. at 1066. To meet the first prong, the applicant must demonstrate a subjective fear of persecution through credible testimony that his fear is genuine. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005).

Petitioner did not appeal to the BIA the IJ's finding that he lacked credibility – nor did he present it to us as an issue for review. Petitioner is required to set forth the issues raised on review and to present an argument in support of those issues in his brief. See generally Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). Because petitioner did not do so, he has waived the issue. Id. ("if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals.").

The failure to appeal the issue of credibility is fatal to petitioner's claim because he cannot establish a subjective fear of persecution absent credible testimony. Lie, 396 F.3d at 536. Consequently, petitioner cannot fulfill the first prong of the well-founded fear analysis and is, therefore, not entitled to asylum.

The only issue petitioner raised before us is the attention, or lack thereof, paid by

the IJ to the State Department Country reports. The reports are unrelated to the discrepancies between the petitioner's asylum application and testimony before the IJ which formed the basis for the adverse credibility determination. Consequently, the IJ's adverse credibility ruling is unchallenged and fatal to petitioner's claim.

Moreover, the administrative record demonstrates that the IJ did consider the State Department reports – just not in the manner petitioner would have liked. During a dialogue with petitioner's counsel, the IJ noted that the reports failed to mention specific violence on petitioner's home island of Java. Also, the IJ noted that the reports failed to confirm petitioner's story about churches being destroyed or the death of a Gideon member. Finally, the IJ's decision states that "besides considering the State Department reports . . . , this Court also considers the credibility of the information the respondent presents in his request for asylum." Therefore, there is ample evidence in the record that the IJ considered the State Department reports.

## IV. Conclusion

For the reasons explained above, we will deny the petition for review.